YARRUT, Judge.
The surviving brothers and sisters of deceased demand delivery from his Testa *394 mentary Executrix (his surviving widow and universal legatee) of the following:
1. The building designated as 1205 Decatur Street in New Orleans;
* 2. The $6,929.47 cash on deposit in a local bank under the name of Two Jays Bar which deceased used for all purposes, business and otherwise; $5,500.00 cash in the safe located in the Two Jays Bar; and $900.00 cash in the register in the same location.
v' The deceased and his wife were married under a pre-marital non-community contract {Civil Code Art. 2332), and had no children.
The deceased first made several special bequests and legacies, and made his wife residuary legatee, under the bequest of: “All of my movable objects, all vehicles, all cash, and everything of which I may die possessed of, and which I have not heretofore bequested,” thus making her his residuary legatee.
The legacies that are at issue here are:
“I leave and bequest my interest in the property at 1201 Decatur Street in the City of New Orleans to my brothers, Anthony Joseph Saia, Joseph Saia, Bernard (Ben) Saia, Russell Saia, and to my sisters, Jenny Saia DiVecenti and Josephine Saia Imbragulia, to share and share alike.” and
“I leave and bequest my business known as Two Jays Bar to my brothers, Anthony Joseph Saia, Bernard (Ben) Saia, Russell Saia, and to my sisters, Jenny Saia DiVicenti and Josephine Saia Imbragulia, to share and share alike.”
With regard to the claim of the brothers and sisters to the property 1205 Decatur Street, the court denied their claim, properly holding that the properties on Decatur Street designated by the separate Municipal Nos. 1201 and 1205 were separate and distinct and separately rented, though adjoining, and the bequest to the brothers and sisters of the property “1201 Decatur Street” was clear and unambiguous; hence there was no ground for interpretation of the testator’s intent. This(conclusion of the district court is clearly correct and sound, since the evidence is that the property known as 1201 Decatur Street, is a two-story building, separately described and the subject of a distinct chain of title. The property designated by the Municipal No. 1205 Decatur Street is a three-story building also described separately and the subject of a distinct chain of title. At the time of the execution of his testament the buildings were leased as separate buildings and separately assessed on the tax rolls of the City and State.
Regarding the cash contained in the safe and the cash register in the Two Jays Bar, and the bank account, the court held all the cash, whether in the safe or cash register in the Two Jays Bar, or on deposit in the bank, belonged to the widow under the bequest to her of:
“To my wife, Philomena Marie Rotonti, I leave and bequest all of my movable obj ects, all vehicles, all cash and everything which I may die possessed of and which I have not heretofore bequested.”
This bequest is governed by the case of Succession of Sauvage, 140 La. 619, 73 So. 702, in which our Supreme Court quoted with approval the conclusions of the trial judge as follows:
“From the language of the will and the evidence it is clear that the legacy of the American Drug Store was a legacy of a specific thing — an established drug store, its contents, and its appurtenances necessary for the conduct of the same.
“The legacy did not carry with it the bank account kept by the late proprietor of the said drug store, nor did it carry with it the debts due to him arising out of his administration of the drug store.
“These things are explicitly excepted under article 480 of the Civil Code, which says: ‘The sale or gift of a house “with *395 all that is in it” does not include the money, nor the credits or other rights, the titles of which may be in the house; all other movable effects are included.’ ” 73 So. at 703.
The Supreme Court went on to further say:
“The general rule is that a testament speaks as of the date of the death of the testator. There is nothing in the testament before the court that indicates an intention to bequeath the drug store as it existed at the date of the will.
“Such a bequest would have been absurd, as the drug store was a going business, and its assets were changing from day to day.
“The first ground of opposition is that the term ‘American Drug Store’ means only the place where the business was conducted, and, as that belonged to a third person, the legacy is null.
“We think it is too clear for dispute that the term was intended to embrace everything connected with the drug business carried on by the deceased.
“We therefore are of opinion that the ruling of the judge below as to what was included in the legacy to Laplace is correct.” 73 So. at 706.
Appellants attempt to distinguish the Sau-vage case because the word “business” was not mentioned in the Sauvage will, while in the instant case the bequest was of “my business known as Two Jays Bar.” This is not a proper basis for distinction as the court in the Sauvage case made it clear that it considered the bequest of “the American Drug Store” a bequest of a going business and all the appurtenances connected therewith.
The reason for awarding all cash to the residuary legatee is stronger in the instant case than in the Sauvage case because in the instant case the will specifically left all cash without exception to the residuary legatee. We interpret this to mean all cash wherever found.
The legatees here are entitled to no more than the legatee received in the Succession of Sauvage, i. e., the established business, its contents and its appurtenances necessary for the conduct of the business and nothing; more.
Article 480 of the Civil Code provides.'
“The sale or gift of a house with all that is in it, does not include the money, nor the credits or other rights, the titles of which may be in the house; all other movable effects are included.”
For the above reasons, the judgment of the district court is affirmed; appellants to pay all taxable costs of appeal.
Judgment affirmed.